UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LLOYD STREATER, | : | |
| Petitioner, | : | |
| | : | PRISONER |
| v. | : | Case No. 3:16cv76(MPS) |
| | : | |
| WARDEN FRANCISCO J. QUINTANA, | : | |
| Respondent. | : | |

**RULING AND ORDER**

The petitioner, Lloyd Streater, is confined at the Federal Medical Center in Lexington,

Kentucky.  He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241

challenging his 2000 federal conviction. Because the court finds that he may not invoke this

court's jurisdiction under that statute, the court construes his petition as a motion under 28

U.S.C. § 2255. And because this is not his first such motion, the court instructs the clerk to

transfer this matter to the U.S. Court of Appeals for the Second Circuit in accordance with 28

U.S.C. §§ 2255(h), 2244, and 1631.

**I.      Background**

On December 17, 1999, in this court, a jury found the petitioner guilty of count one of the

superseding indictment, conspiracy to distribute cocaine and cocaine base in violation of 21

U.S.C. §§ 841(a)(1); count two of the superseding indictment, possession of cocaine and cocaine

base with intent to distribute in violation of 21 U.S.C. § 841(a)(1); and count three of the

superseding indictment, possession of cocaine and cocaine base with intent to distribute in

violation of 21 U.S.C. § 841(a)(1).  *See United States v. Streater*, Case No. 3:97cr232(MPS),

Dkt. Entry 408, Verdict Form.  On May 26, 2000, Judge Ellen Bree Burns sentenced the

petitioner to 480 months of imprisonment on the first count, 480 months of imprisonment on the

second count and 240 months of imprisonment on the third count for a total effective sentence of

480 months of imprisonment.  The term of imprisonment was to be followed by five years of supervised release.  *See id.*, Dkt. Entry 498, Judgment of Conviction.

The petitioner appealed his conviction and sentence.  On May 30, 2002, the United States Court of Appeals for the Second Circuit affirmed the judgment of conviction.  *See United States v. Blount*, 291 Fed.3d 201, 219 (2d Cir. 2002).  On January 13, 2003, the United States Supreme Court denied the petitioner's writ seeking review of the decision affirming the judgment of conviction.  *See Streater v.  United States*, 573 U.S. 1141 (2003).

On January 5, 2006, the petitioner filed a motion under 28 U.S.C. § 2255 claiming that his conviction and sentence violated his Sixth Amendment right to confrontation and his Fifth Amendment right to due process.  *See Streater v. United States*, Case No. 3:06cv17(EBB), Dkt. Entry 2, Mem. Supp. Mot Vacate Sentence.  On July 20, 2006, Judge Burns denied the petitioner's motion to vacate his sentence on the merits and on August 20, 2006, denied petitioner's motion for a certificate of appealability.  *See id.* Dkt. Entry 10, Ruling and Order & Dkt. Entry 12, Ruling and Order.

On January 10, 2011, the petitioner filed a petition for a writ of audita querela.  *See id.*, Dkt. Entry 13, Pet. Writ Audita Querela.  On April 25, 2011, the court construed the motion as a motion to vacate sentence under 28 U.S.C. § 2255 and denied it.  *See id.*, Dkt. Entry 14, Ruling. The petitioner appealed that ruling.  On September 15, 2011, the Court of Appeals for the Second Circuit dismissed the appeal because the petitioner failed to file a motion for a certificate of appealability.  *See id.*, Dkt. Entry 18, USCA Mandate.

On April 12, 2013, the petitioner filed a motion to reopen his criminal case.  *See United States v. Streater*, Case No. 3:97cr232(MPS), Dkt. Entry 614, Mot. Reopen.  On June 26, 2014,

2

the court construed the motion as a successive section 2255 motion and transferred it to the Court of Appeals for the Second Circuit.  *See id.*, Dkt. Entry 619, Ruling Mots. Reopen and Clarification.  On October 30, 2014, the Court of Appeals for the Second Circuit denied the petitioner's motion for leave to file a successive section 2255 motion.  *See id.*, Dkt. Entry 621, USCA Mandate.

On November 14, 2014, the petitioner filed a motion to correct the judgment of conviction.  *See id.*, Dkt. Entry 622, Mot. Correct J.  On July 13, 2015, the court granted the motion and directed the clerk to correct the descriptions of counts 1, 2 and 3 in the judgment to reflect that cocaine was the only substance at issue and directed the probation office to correct the description of counts 1, 2 and 3 in the Presentence Report to reflect that cocaine was the only substance at issue.  *See id.*, Dkt. Entry 627, Ruling and Order.  On July 15, 2015, the clerk entered an amended judgment reflecting the changes in the court's order.  *See id.*, Dkt. Entry 628, Amended J.

## II.     Legal Standard

"A motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions."  *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)(citing *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997) (describing situations where a federal prisoner would properly file a section 2241 petition).

A motion filed pursuant to 28 U.S.C. § 2255, on the other hand, is considered "the proper vehicle for a federal prisoner's challenge to [the imposition of] his conviction and sentence."  *Id.*

3

at 146-47.  Thus, as a general rule, federal prisoners challenging the imposition of their sentences

must do so by a motion filed pursuant to § 2255 rather than a petition filed pursuant to § 2241.

**III.    Discussion**

The petitioner challenges his federal conviction and sentence on count two of the

superseding indictment which charged him with possession of cocaine with intent to distribute in

violation of 21 U.S.C. § 841(a)(1).  He claims that there was insufficient evidence to convict him

of count two of the indictment based on the testimony of a New York City police officer who

had arrested one of his co-conspirators, Joseph Pollard.  *See* Pet. Writ Habeas Corpus, Doc. No.

1 at 3-4.  During the petitioner's trial, this officer allegedly testified that he seized crack cocaine

from Joseph Pollard at the time of Pollard's arrest in February 1997.  *See id.*  Because the present

petition challenges the legality of the petitioner's conviction and sentence, it should have been

filed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The petitioner suggests that he has met the requirements for filing a section 2241 petition

under the "savings clause" contained in 28 U.S.C. § 2255(e).  *United States v. Cephas*, 328 F.3d

98, 105 (2d Cir. 2003).  This clause permits a federal prisoner to challenge his or her conviction

by filing a section 2241 petition when a motion under section 2255 "provides *an inadequate or*

*ineffective remedy* to test the legality of a federal prisoner's detention."  *Jiminian,* 245 F.3d at

147 (emphasis added).  In *Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997), the Second

Circuit reviewed the term "inadequate and ineffective" in the savings clause of section 2255 and

determined that it referred to those relatively few cases "in which a petitioner cannot, for

whatever reason, utilize section 2255, and in which the failure to allow for collateral review

would raise serious constitutional questions."  *Id.* at 377-78.  Thus, the exception is available

4

only in cases involving prisoners "who can prove . . . actual innocence on the existing record--
and who could not have effectively raised [their] claim[s] of innocence at an earlier time." *Id.* at
363. The Second Circuit concluded that the exception permitting the filing of a section 2241
petition to challenge a conviction and sentence applied because Triestman had no prior
opportunity to challenge his conviction for conduct that the United States Supreme Court later
deemed to be non-criminal. *See id.* at 380.

Claims of actual innocence must be premised on a clear and convincing showing of
"factual innocence not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623
(1998). The Second Circuit has recognized that "in the context of a noncapital case, the concept
of actual innocence is easy to grasp, because it normally means simply that the defendant did not
commit the crime" of which he or she had been convicted. *Poindexter v. Nash*, 333 F.3d 372,
379-81 (2d Cir. 2003) (internal quotation marks and citations omitted).

The petitioner has not established that a section 2255 motion is an inadequate and
ineffective remedy to test the legality of his sentence. The fact that a petitioner might not be able
to meet the procedural requirements set forth under 28 U.S.C. § 2255(e), (f) or (h) for filing a
section 2255 motion, does not make the remedy under section 2255 inadequate or ineffective.
*See Poindexter*, 333 F.3d at 378 (to meet exception authorizing filing of section 2241 petition "it
is insufficient simply that relief under § 2255 is unavailable because, for example, a prior motion
under § 2255 has been made and a successive motion under that section is disallowed by the
court of appeals under the gatekeeping provisions of §§ 2244 and 2255"); *Jiminian*, 245 F.3d at
147-48 (holding that "§ 2255 is not inadequate or ineffective . . . simply because a prisoner
cannot meet the AEDPA's gate-keeping requirements, provided that the claim the prisoner seeks

5

to raise was previously available on direct appeal or in a prior § 2255 motion.")  Thus, the fact

that the petitioner has already filed at least two unsuccessful section 2255 motions, one of which

was denied on the merits and the other of which the Second Circuit determined did not meet the

requirements for filing a successive motion under 28 U.S.C. § 2255(h), does not make the

remedy under section 2255 inadequate or ineffective.

Furthermore, the petitioner has not alleged that the trial testimony of the police officer

witness was unavailable to him at an earlier time or otherwise alleged facts suggesting that he

could not have raised his claim on direct appeal or in a previous section 2255 motion.  *See*

*Jiminian*, 245 F.3d at 147 (holding that if a claim sought to be raised by petitioner was

previously available to him, the "failure to permit review of that claim would not raise serious

constitutional questions").  Thus, the claim raised by the petitioner does not fall within the

savings clause exception to 28 U.S.C. § 2255.  The court concludes that the petitioner has not

met the requirements that would permit him to invoke this court's jurisdiction under 28 U.S.C. §

2241.  Thus, the court lacks jurisdiction to entertain this section 2241 petition.

In *Jiminian*, the Second Circuit held that a district court may construe a petition for writ

of habeas corpus filed pursuant to 28 U.S.C. § 2241 as a second or successive motion to vacate,

set aside or correct sentence pursuant to 28 U.S.C. § 2255, without providing the petitioner with

notice or an opportunity to withdraw the petition, as long as the petitioner "has had a prior §

2255 motion dismissed on the merits."  245 F.3d at 148.  Here, the petitioner filed two prior

motions pursuant to section 2255 in this court.  Judge Burns denied the first motion on the merits

and I transferred the second motion as a successive section 2255 motion to the Court of Appeals

for the Second Circuit.  Because the petitioner challenges his conviction on a new ground that

might meet one of the exceptions under 28 U.S.C. § 2255(h) for filing a second or successive section 2255 motion, the court construes the present section 2241 petition as a third motion filed pursuant to 28 U.S.C. § 2255. *See Cephas*, 328 F.3d at 104 n.5 (noting that how a district court proceeds after determining that it does not have jurisdiction to entertain a section 2241 petition challenging a conviction, "may depend on the prisoner's history of collateral challenge[s]" and whether he or she still has the option of filing a second or successive section 2255 motion with the permission of the court of appeals).

A district court has no power to entertain a second or successive section 2255 motion unless the appropriate court of appeals has authorized the filing of that motion in the district court. *See* 28 U.S.C. § 2244(b)(3). Because the court has determined that the present petition raises a claim that is properly brought under section 2255 and the petitioner has not obtained the required authorization from the court of appeals to file a third section 2255 motion, the petition must be transferred to the Court of Appeals for the Second Circuit. *See Jiminian*, 245 F.3d at 148; *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (*per curiam*).

### Conclusion

The clerk shall close the district court file and, in accordance with the requirements of 28 U.S.C. § 2244 and *Liriano*, and pursuant to 28 U.S.C. § 1631, **TRANSFER** this petition for writ of habeas corpus to the United States Court of Appeals for the Second Circuit to determine

whether the claim raised in the petition should be considered by this court.

SO ORDERED at Hartford, Connecticut this 18th day of August, 2016.


_____
                /s/
MICHAEL P. SHEA
UNITED STATES DISTRICT JUDGE